UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:15-CR-221-BR
No. 5:17-CV-289-BR

| | |
|---|---|
| JOHN KENNEDY WILSON ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA ) | |
| ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 100.) Petitioner has filed a response in opposition to the government's motion. (DE # 105.)

In 2016, without a plea agreement, petitioner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 ("Count 1") and possession of a firearm by a felon ("Count 3"). Petitioner was sentenced to 175 months imprisonment on Count 1 and 120 months on Count 3, to run concurrently. Petitioner appealed his guilty plea and sentence, and the Fourth Circuit Court of Appeals affirmed. (DE # 92.)

Petitioner timely filed his § 2255 motion on 12 June 2017. (DE # 94.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner asserts the following claims for relief, all based on the alleged ineffective assistance of counsel: (1) counsel provided petitioner "'bad legal advice' and 'misinformation' about the facts and circumstances pursuant to the statutory elements of 21 U.S.C. § 846/conspiracy before advising Petitioner to engage in an open plea," (Mem., DE # 95, at 6); (2) counsel failed to object to the insufficient factual basis for petitioner's plea, (id. at 12); and, (3) counsel failed to inform the court that the government's case is based on fraud, (id. at 17).

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." "Judicial scrutiny of counsel's performance must be highly deferential." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy."
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted). "To show prejudice in the guilty-plea context, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Christian v. Ballard, 792 F.3d 427, 443-44 (4th Cir. 2015) (citation and internal quotation marks omitted).

2

Petitioner first claims that counsel advised him to enter an open plea to Counts 1 and 3 because if he went to trial, he could be sentenced to a total of 30 years, that is, 20 years on Count 1 and 10 years on Count 3. (Mem., DE # 95, at 7; Resp., DE # 105, at 2.) Pursuant to that advice, he pled guilty. (Mem., DE # 95, at 7-8.) Petitioner points to the following statements counsel made at sentencing:

> Your Honor, just in looking over the entire record, Your Honor, having to look over the entire investigation, Your Honor, Mr. Moore does state that he did meet with John and James, Your Honor.
> As stated earlier, there is no detailed description of how many times he met with them and what he did, attributed to Mr. John Wilson here.
> Mr. Wilson, when his house was seized, there was no crack, there was no cocaine, no residue, there's nothing at the home that would attribute or even give any indication that Mr. Wilson had been trafficking or even involved in possessing any cocaine or crack.
> I do believe that there was marijuana there. Mr. Wilson has accepted responsibility for the marijuana that was there, as well as anything else that was there as far as the materials and all the things that were included in the trafficking.
> Your Honor, I would state that, based on the information that we have today, that there is no evidence of Mr. Wilson having any, any, any trafficking issues when it comes to cocaine or crack.

(7/11/16 Tr., DE # 88, at 21-22; see also Mem., DE # 95, at 9-10; Resp., DE # 105, at 2-3.)

According to petitioner, counsel did not provide him with this information before advising him to plead guilty. (Mem., DE # 95, at 10.) Petitioner argues had counsel informed him of this information and that these facts are insufficient to satisfy the elements of a conspiracy under § 846, he would not have pled guilty and instead would have gone to trial. (Id.; see also Resp., DE # 105, at 3.)

"To establish a drug conspiracy under 21 U.S.C. § 846, the government must prove that (1) [the defendant] entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § [ ] 841(a)(1) . . .; (2) that [the defendant] had knowledge of that conspiracy;

3

and (3) that [the defendant] knowingly and voluntarily participated in the conspiracy. Given the clandestine and covert nature of conspiracies, the government can prove the existence of a conspiracy by circumstantial evidence alone." United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014) (citations and internal quotation marks omitted) (alterations and omission in original). Furthermore,

> [i]t is well-established that the inchoate crime of conspiracy punishes the agreement to commit an unlawful act, not the completion of the act itself. Indeed, in the specific context of conspiracies to distribute cocaine in violation of 21 U.S.C. § 846, not even a single overt act in furtherance of the conspiracy is required.

United States v. Min, 704 F.3d 314, 321 (4th Cir. 2013) (citations omitted).

The court agrees with the government that counsel did not act deficiently. Counsel made the above-quoted statements in support of petitioner's objection to the amount of crack cocaine attributed to him based on information obtained from a confidential witness, which impacted his base offense level under the sentencing guidelines. (See PSR, DE # 48, at 18; 7/11/16 Tr., DE # 88, at 18, 21-23.) Petitioner can be guilty of a conspiracy to distribute and possess with intent to distribute cocaine and marijuana even though no powder or crack cocaine was located in his home at the time police searched it. Accordingly, counsel was not deficient in advising petitioner to enter an open plea to Count 1 when no form of cocaine had been found in his home, and petitioner's first claim fails.

Petitioner next claims the court failed to determine that a factual basis for his plea exists in accordance with Federal Rule of Criminal Procedure 11(b)(3) and, as such, counsel should have objected during his plea hearing and informed the court petitioner only admitted to the distribution or possession with intent to distribute the marijuana located in his home. (See

4

Mem., DE # 95, at 12-15.) According to petitioner, he was prejudiced by counsel's conduct because he was exposed to a more severe guideline sentence. (Id. at 15.)

At the plea hearing, defendant admitted to the elements of a drug trafficking conspiracy, which included distribution and possession with intent to distribute cocaine, and to the elements of being a felon in possession of a firearm. (See 2/2/16 Tr., DE # 90, at 16-17.) Petitioner is bound by these admissions, see United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005), and they provide a factual basis for defendant's guilty plea. Therefore, no violation of Rule 11(b)(3), and counsel was not deficient in failing to raise an objection on that basis at the plea hearing.

Even if there was an error to which counsel should have objected, petitioner was not prejudiced thereby.

> Rule 11(b)(3) does not concern the acceptance of a guilty plea. Instead, the Rule provides that the court should not enter a 'judgment' without satisfying itself that there is a factual basis for the plea. Thus, a sufficient factual basis must have been present at the time of sentencing, when judgment was entered . . . .

United States v. Dixon, 105 F. App'x 450, 451 (4th Cir. 2004) (citations omitted). As recognized above, at sentencing, counsel *did* challenge the attribution of any amount of crack cocaine to petitioner. The court overruled counsel's objection. Based on the factual information in the presentence report, which the court expressly adopted, (7/11/16 Tr., DE # 88, at 24), a factual basis for petitioner's plea existed when the judgment was entered. Petitioner's second claim fails.

Finally, petitioner claims that counsel should have informed the court that the government's case is based on fraud. (Mem., DE # 95, at 17.) Petitioner contends that the government provided false documents, namely, the indictment and an unsigned plea agreement,

5

to his counsel to induce petitioner to plead guilty. (Id. at 19.) In support, petitioner cites to the following testimony at sentencing from Detective Thompkins on cross-examination by petitioner's counsel:

> Q. At the residence, Mr. Thompkins, the seizure of the residence of Mr. John Wilson, do you mind, was there any cocaine that was found at that residence?
> A. Not that I recall.
> Q. Was there any crack found at that residence?
> A. No, ma'am.
> Q. Was there any residue or anything on any of the – I believe there were some scales or those types of things that were found. Was there any cocaine residue or any crack residue found at the scene?
> . . . .
> THE WITNESS: I can't testify to that, whether there was residue of cocaine. I knew there was residue of some type on one of the scales obtained from John's house. But I can't specify whether it was cocaine or marijuana residue.

(7/11/16 Tr., DE # 88, at 14-15; see also Mem., DE # 95, at 19-20.)

This testimony does not support the conclusion that the indictment or the unsigned plea agreement was false or fraudulent. The court once again recognizes that petitioner can be guilty of conspiracy to distribute and possess with intent to distribute cocaine and marijuana even though no powder or crack cocaine was found in his home. Counsel had no reason to believe that the government's case was based on fraud simply by virtue of the fact no form of cocaine was found in petitioner's home, and therefore, she did not act deficiently in this regard.

Petitioner has failed to state any claim entitling him to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of

6

this order and close this case.

This 24 October 2018.

                                                                                    W. Earl Britt
                                                                                   Senior U.S. District Judge