IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-221-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN KENNEDY WILSON | ) | |

This matter is before the court on defendant's *pro se* motion for modification of his sentence. (DE # 122.)

In 2016, defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana and possession of a firearm by a felon. The court sentenced him to 175 months imprisonment on the drug offense and 120 months on the firearm offense, to run concurrently. Defendant appealed, and the Fourth Circuit Court of Appeals affirmed. In May 2020, defendant filed the instant motion. The government filed a response in opposition as well as some of defendant's medical records from the Bureau of Prisons("BOP"). (DE ## 127, 128.)

Defendant seeks modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"),[1] requesting release from imprisonment to home confinement. That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>    (1) in any case—
>        (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

>   the receipt of such a request by the warden of the defendant's
>   facility, whichever is earlier, may reduce the term of imprisonment
>   . . . , after considering the factors set forth in section 3553(a) to the
>   extent that they are applicable, if it finds that—
>>      (i) extraordinary and compelling reasons warrant
>>      such a reduction . . .
>   and that such a reduction is consistent with applicable
>   policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)." "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

>   (A)     Medical Condition of the Defendant.—
>   (i)     The defendant is suffering from a terminal illness (i.e., a serious and
>   advanced illness with an end of life trajectory). A specific prognosis of life
>   expectancy (i.e., a probability of death within a specific time period) is not
>   required. Examples include metastatic solid-tumor cancer, amyotrophic
>   lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (ii)    The defendant is—
>>      (I)     suffering from a serious physical or medical condition,
>>      (II)    suffering from a serious functional or cognitive impairment,
>>      or
>>      (III)   experiencing deteriorating physical or mental health
>>              because of the aging process,
>   that substantially diminishes the ability of the defendant to
>   provide self-care within the environment of a correctional facility
>   and from which he or she is not expected to recover.

(B)     Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C)     Family Circumstances.
        (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.
        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D)     Other Reasons.—As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes that defendant filed with his motion a copy of the Warden's 24 April 2020 denial of his request for compassionate release based on a debilitated medical condition. (Mem., Ex., DE # 122-2.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motion.

Defendant contends that he should be released to home confinement because he has a high risk of contracting COVID-19 based on his underlying medical conditions and race. (See

3

Mem., DE # 122-1, at 8-10.) The government concedes defendant's medical conditions, namely obesity, high blood pressure, and Type II diabetes, put him at a higher risk of severe illness should he contract COVID-19, and therefore, he has shown extraordinary and compelling reasons justifying release. (See Resp., DE # 127, at 11.) However, it argues defendant's motion should be denied because the § 3553(a) factors weigh against release and the court does not have the authority to place defendant on home confinement. (Id. at 12-16.)

The court agrees with the government that it cannot order defendant's release to serve the remainder of his term of imprisonment on home confinement. "The [Coronavirus Aid, Relief, and Economic Security ("CARES")] Act authorizes the BOP— not courts— to expand the use of home confinement" under 18 U.S.C. § 3624(c)(2). United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases); see also United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding the CARES Act " does not authorize the court to order defendant' s placement in home confinement" ). Accordingly, the court considers defendant's request for relief as a reduction in his sentence to time served.

Defendant has several underlying medical conditions which increase his risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2020). Given defendant's health and age (56) and considering the COVID-19 pandemic, the court concludes defendant has shown extraordinary and compelling reasons for a sentence reduction. However, the relevant § 3553(a) factors outweigh those reasons.

4

Case 5:15-cr-00221-BR   Document 133   Filed 08/05/20   Page 4 of 5

Mem., DE # 122-1, at 8-10.) The government concedes defendant's medical conditions, namely obesity, high blood pressure, and Type II diabetes, put him at a higher risk of severe illness should he contract COVID-19, and therefore, he has shown extraordinary and compelling reasons justifying release. (See Resp., DE # 127, at 11.) However, it argues defendant's motion should be denied because the § 3553(a) factors weigh against release and the court does not have the authority to place defendant on home confinement. (Id. at 12-16.)

The court agrees with the government that it cannot order defendant's release to serve the remainder of his term of imprisonment on home confinement. "The [Coronavirus Aid, Relief, and Economic Security ("CARES")] Act authorizes the BOP— not courts— to expand the use of home confinement" under 18 U.S.C. § 3624(c)(2). United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases); see also United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding the CARES Act " does not authorize the court to order defendant' s placement in home confinement" ). Accordingly, the court considers defendant's request for relief as a reduction in his sentence to time served.

Defendant has several underlying medical conditions which increase his risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2020). Given defendant's health and age (56) and considering the COVID-19 pandemic, the court concludes defendant has shown extraordinary and compelling reasons for a sentence reduction. However, the relevant § 3553(a) factors outweigh those reasons.

Defendant has an extensive criminal history, including felony convictions for attempted murder and controlled substance offenses. (See PSR, DE # 48, ¶¶ 16-24.) The instant offenses involved a large-scale drug operation and the possession of firearms in furtherance of that operation. (Id. ¶¶ 7-10.) Defendant committed the offenses while on probation and while suffering from the same medical conditions which he now claims justify his release. (See id. ¶¶ 27, 36; 7/11/16 Tr., DE # 88, at 26-27.) He has served less than half of his sentence, which was a downward variance from the applicable guideline range based on the court's policy disagreement with the crack cocaine sentencing guidelines, (7/11/16 Tr., DE # 88, at 34). A reduction in his sentence to time served (approximately eight years) would not provide just punishment for the offenses, protect the public, or deter crime.

For the foregoing reasons, defendant's motion for modification of his sentence is DENIED.

This 5 August 2020.

 _____
 W. Earl Britt
 Senior U.S. District Judge