IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-221-2-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN KENNEDY WILSON | ) | |

This matter is before the court on defendant's "emergency motion for release." (DE # 141.)

In 2016, defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana and possession of a firearm by a felon. The court sentenced him to 175 months imprisonment on the drug offense and 120 months on the firearm offense, to run concurrently. Defendant appealed, and the Fourth Circuit Court of Appeals affirmed.

In May 2020, defendant filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"). (DE # 122.) He requested that he be released from imprisonment to home confinement because he has a high risk of contracting COVID-19 based on his underlying medical conditions and race. (8/5/20 Order, DE # 133, at 3.) Construing the motion as one for a reduction in defendant's sentence to time served, the court concluded that he had shown extraordinary and compelling reasons for a sentence reduction. (Id. at 4.) Even so, the court further concluded the applicable sentencing factors under 18 U.S.C. § 3553(a) outweighed those reasons and denied defendant's motion. (Id. at 4-5.) Defendant appealed that decision.

On the same day he appealed, defendant filed *pro se* the instant motion. On defendant's request and pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court

appointed counsel to assist him in obtaining relief under the First Step Act. (DE # 142.) With appointed counsel's assistance, defendant filed a motion to stay pending appeal, (DE # 146), which the court allowed, (10/22/20 Order, DE # 151). The Fourth Circuit of Appeals affirmed. (Op., DE # 155.)

With the instant motion, defendant requests that the court recommend to the Bureau of Prisons ("BOP") that he be re-designated immediately to home confinement to serve the remainder of his custodial sentence pursuant to 18 U.S.C. § 3621(b)(4)(B), (Mem., DE # 152, at 1), "so that he may self-isolate and better protect himself from COVID-19," (id. at 4). The government opposes this request, arguing that the BOP, not the court, can best determine whether defendant is eligible for home confinement.[1] (Resp., DE # 159, at 2, 23-25.)

> A solid majority of federal district courts throughout the country, including courts in this circuit, have concluded that a sentencing court may make imprisonment placement recommendations on a defendant's post-sentencing motion. See United States v. Smith, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019); United States v. Patterson, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019). Courts have drawn this conclusion from the Second Chance Act, which provides that, in designating the place of an inmate's imprisonment, the BOP shall consider "any statement by the [sentencing] court . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B).

United States v. Kenney, No. CR 1:17-00195-004, 2020 WL 261237, at *1 (S.D.W. Va. Jan. 16, 2020) (alteration and omission in original).

Defendant urges the court to make such a recommendation based on his previously having shown extraordinary and compelling reasons for a sentence reduction based on his medical conditions, his age, and the COVID-19 pandemic. (Mem., DE # 152, at 2 (citing 8/5/20 Order, DE # 133, at 4).) Although defendant's age (58) and multiple COVID-19 risk

---

[1] The government also opposes the motion to the extent it is a second motion for modification of his sentence under § 3582(c)(1)(A)(i). (See Resp., DE # 159, at 1, 6-23.) The court declines to construe the motion as such because defendant explicitly states he is requesting "only" a recommendation from the court. (Mem., DE # 152, at 6.)

factors (obesity, high blood pressure, Type II diabetes) are concerning, the court notes that the infection rate among inmates at FCI Loretto, where defendant is currently incarcerated, has dramatically decreased over the past month. Compare United States v. Kusi, No. CR 18-379, 2022 WL 111054, at *3 (D.N.J. Jan. 12, 2022) ("As of January 11, 2022, . . . FCI Loretto – where Defendant is housed – currently has 101 positive inmates . . . ."), with BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (9 positive inmates at FCI Loretto) (last visited Feb. 15, 2022). And most of the inmates there are fully inoculated. See BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Feb. 15, 2022).

Defendant also relies on the fact that he has been in continuous custody for more than five years, and during that time, he has worked and maintained an "excellent institutional record." (Id.) Defendant is correct about the length of time he has been in custody. However, he still has about six years, or nearly half, of his custodial sentence left to serve. (See Resp., Ex. 1, DE # 158-1 (20 January 2028 projected release date with good time credit).) Despite defendant's statement to the contrary, he does not have a spotless disciplinary record in the BOP. He has committed four prohibited acts of moderate severity. (See id., Ex. 2, DE # 158-2.) See also 28 C.F.R. § 541.3, Table 1 (2022).

Defendant also points out that if he is transferred to home confinement, he will live with his sister; work; have the support of family and friends; pay for any location monitoring; and obtain needed medical care through the Veterans Health Administration. (Mem., DE # 152, at 4, 6.)

Given the competing considerations involved, the court declines to make a recommendation of home confinement at this time, when defendant has approximately six years remaining of his custodial sentence. The court leaves the evaluation of defendant's suitability

for home confinement to the BOP, which has the most current information regarding defendant's health, behavior, needs, and release plan, among other things.

Defendant's motion is DENIED. However, the court recommends that the BOP evaluate defendant's suitability for transfer to home confinement. Counsel for the government is DIRECTED to serve a copy of this order on the appropriate division of the BOP.

This 15 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge