IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-221-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN KENNEDY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se emergency motion for home confinement and/or reduction of sentence (DE 167) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On February 2, 2015, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine and marijuana, in violation of 21 U.S.C. § 846; and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). On July 11, 2016, the court[1] sentenced defendant to an aggregate term of 175 months' imprisonment and three years' supervised release. Defendant's judgment of conviction was affirmed on direct appeal, and the court denied his post-conviction motion to vacate pursuant to 28 U.S.C. § 2255.

In May 2020, defendant filed his first motion for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release

---

[1] The district judge that presided over defendant's plea proceedings, sentencing, and initial motions for compassionate release/home confinement has since retired, and this matter was reassigned to the undersigned to address the instant motion and any further post-conviction proceedings.

from his custodial sentence. The court denied the motion based on finding that the relevant sentencing factors under 18 U.S.C. § 3553(a) did not support compassionate release. Defendant appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the court's decision.

Undeterred, defendant filed the instant second motion for compassionate release on June 7, 2022. Defendant relies on the same ground as the first motion: that his risk of contracting COVID-19 and developing severe health complications justifies early release from the custodial portion of the sentence.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–

2

76 (4th Cir. 2020).[2]  The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release.  See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case.  Kibble, 992 F.3d at 332.

Here, defendant requests compassionate release based on his risk of infection with COVID-19 in a custodial setting and the accompanying risk of suffering severe complications from the disease due to his underlying health issues.  The court will assume without deciding that these circumstances constitute extraordinary and compelling reasons for compassionate release.  See

---

[2] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants.  Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

The court, however, declines to reduce the sentence in light of the nature and circumstances of the offense conduct and defendant's violent criminal history. As explained in the August 5, 2020, order denying defendant's first substantially similar motion, defendant has an extensive criminal history that includes felony convictions for murder and drug trafficking. During the instant offense, defendant was accountable for distributing more than five kilograms of cocaine base in this district and possessing firearms in connection with same. In light of this offense conduct and criminal history, a sentence of time served would not accomplish the goals of sentencing, even when the § 3553(a) factors are reconsidered in the context of the COVID-19 pandemic.

Moreover, defendant's motion barely address the § 3553(a) factors. The majority of the motion is general commentary about the risk of COVID-19 in prisons. To the extent defendant himself is at risk of severe complications from COVID-19, as the court found in the August 5, 2020, order (DE 133), the risk can be mitigated by defendant accepting the highly effective and safe vaccines. See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Brown, No. 7:13-CR-44-FL-1, 2021 WL 2481676, at *2 (E.D.N.C. June 17, 2021). And even accepting as true defendant's unsupported assertions that he has maintained clear conduct and remained employed while incarcerated, those facts would not justify a sentence reduction when weighed against the offense conduct and criminal history discussed above.

Defendant also argues his advanced age of 58 reduces the risk of recidivism. But defendant was in his fifties when he committed the instant offense, and so the fact that recidivism rates decline with age does not help defendant. In addition, defendant erroneously states that he

4

has been in federal custody since June 2008, suggesting he has completed a substantial portion of his sentence. Defendant was arrested and detained for the instant offense conduct in August 2015, and the Federal Bureau of Prisons' inmate locator indicates he has more than three years remaining on his sentence. (PSR (DE 48) at 1); <u>see also</u> Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 30, 2023).

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

The court also declines defendant's request for a recommendation regarding home confinement. The Federal Bureau of Prisons is better positioned to make the requisite determinations regarding home confinement

## CONCLUSION

Based on the foregoing, defendant's motion for home confinement/reduction in sentence (DE 167) is DENIED.

SO ORDERED, this the 7th day of July, 2023.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge